UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RICHARD SULLIVAN,                         )
                                          )
            Petitioner,              )
  vs.                                     )    No. 2:16-cv-440-WTL-MJD
                                          )
SUPERINTENDENT, Wabash Valley Correctional )
 Facility,                                )
                                          )
            Respondent.              )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

The petition of Richard Sullivan challenging his conviction for child molesting as a Class A felony is barred by the applicable statute of limitations and is therefore **denied.** His motion for appointment of counsel [dkt 9] is **denied** because that step is not in the interests of justice in light of Sullivan's familiarity with his claims and with the course of proceedings in the Indiana state courts and in this Court. The referenced disposition of the habeas petition is compelled by the following facts and circumstances:

    1.    An Indiana jury found Sullivan guilty of both Class A felony child molesting and Class C felony child molesting. He was sentenced only on the former on October 13, 2010.

    2.    Sullivan's conviction was affirmed in *Sullivan v. State*, 951 N.E.2d 311 (Ind.Ct.App. 2011). The Indiana Supreme Court denied Sullivan's petition to transfer on September 29, 2011.

    3.    Sullivan filed a petition for post-conviction relief on November 1, 2011. This petition was denied on February 26, 2014. On May 2, 2014, the Indiana Court of Appeals dismissed Sullivan's post-conviction appeal with prejudice because Sullivan had filed an appeal with the

wrong court and had not corrected that mistake in time.

4. On August 24, 2014, Sullivan filed a petition with the trial court filed a verified petition for permission to file a belated notice of appeal. This petition was denied on September 30, 2014.

5. On August 18, 2015, Sullivan filed a petition for leave to file a successive petition for post-conviction relief. The Indiana Court of Appeals denied that petition on October 9, 2015.

6. This action followed, having been filed with the clerk on November 22, 2016. The respondent has appeared in the action and argues that it was not timely filed.

7. In "an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015).

8. The following dates are material to computation and application of the statute of limitations in Sullivan's case:

> a. Sullivan's conviction became final on December 29, 2011. This was the last day on which he could have filed a timely request for certiorari review with the United States Supreme Court. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires").

> b. Sullivan's petition for post-conviction relief was filed on November 1, 2011 and was pending at the time his conviction became final. His petition for post-conviction relief remained pending until May 2, 2014. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

  subsection." 28 U.S.C. § 2244(d)(2). Accordingly, the statute of limitations began to run on May 3, 2014 and continued to run until it expired one year later, May 4, 2015.

  c. The present petition is deemed to have been filed on November 17, 2016. This was the postage cancellation date on the envelope in which the habeas petition was mailed to the clerk; the habeas petition itself is unsigned and undated. This was more than 18 months after the statute of limitations expired on May 4, 2015.

  d. Sullivan has offered no reason why the running of the statute of limitations should not be computed as described above and no reason why his petition for writ of habeas corpus should not be found to have been filed long after the statute of limitations expired.

  9. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Sullivan has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore dismissed as untimely without a decisions being made as to the merits of his claims. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007). Judgment consistent with this Entry shall now issue.

  10. Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases*, the court finds that Sullivan has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore **declines** to issue a certificate of appealability.

  IT IS SO ORDERED.

*[Signature: William T. Lawrence]*

Date: 3/6/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Eric Parker Babbs
OFFICE OF THE ATTORNEY GENERAL
eric.babbs@atg.in.gov

RICHARD  SULLIVAN
885092
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838